UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Midland National Life Insurance Company,　　　　Case No. 14-cv-883 (PAM/SER)

　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Mai Yang Chang,

　　　　　　　　Defendant.
_____

　　　　This matter is before the Court on Midland National Life Insurance Company's Motion for Default Judgment.  For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

　　　　On March 20, 2013, Midland issued a life insurance policy to Cher Vue for $100,000.  (Compl. (Docket No. 1) ¶ 6.)  Vue named his wife, Mai Yang Chang, the primary beneficiary.  (Id. ¶ 13.)  Vue died of cancer on July 14, 2013, and Chang submitted a proof-of-death statement to claim the policy's proceeds.  (Id. ¶¶ 15-16.)

　　　　As Vue's death fell within the policy's two-year contestability period, Midland investigated Chang's claim.  (Id. ¶¶ 14-15, 17.)  During the investigation, Midland allegedly discovered that Vue misrepresented and omitted health and medical history from his insurance application.  (Id.)  In particular, Vue applied for life insurance on February 20, 2013, and answered on the application that he had not been diagnosed with or advised to seek treatment for cancer, and was not seeking treatment for or taking medication for cancer.  (Id. ¶¶ 7-10.)  But when he filed the application, according to Midland, Vue had been initially diagnosed with a cancerous tumor behind his left eye,

had been advised to undergo an MRI and CT scan as well as a biopsy of the tumor, was seeking treatment for the tumor at Mayo Clinic, and was taking medication to relieve the pain caused by the tumor.  (Id. ¶¶ 18-21.)  This information contradicted Vue's answers on his application, and Midland allegedly relied on those answers in issuing the policy.  (Id. ¶¶ 12, 18-21.)

On February 14, 2014, Midland sent Chang a letter, declaring that given Vue's misrepresentations and omissions on the application, it owed her only the total premiums paid, or $120.24.  (Id. ¶ 27.)  The letter included a check for that amount.  (Id.)

Midland then sued Chang for rescission of the policy and a declaratory judgment that its liability under the policy is limited to a refund of the premiums paid and that it has satisfied that liability.  (Id. ¶¶ 23-30.)  Midland served Chang with the Complaint on June 4, 2014.  (Wolter Aff. (Docket No. 12) ¶ 4.)  Since then, Chang has neither appeared in this case nor responded to the Complaint.  (Id. ¶ 7.)

Midland now moves the Court to both enter default and grant default judgment against Chang.

**DISCUSSION**

Midland has not satisfied the procedural prerequisites for default judgment.  Obtaining default judgment from the Court is a two-step process.  See Fed. R. Civ. P. 55.  First, the moving party must "show[] by affidavit or otherwise" that the other party "has failed to plead or otherwise defend" and have "the clerk . . . enter the party's default."  Fed. R. Civ. P. 55(a).  Second, the moving party may then "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  The Eighth Circuit has emphasized that the

2

Court may grant default judgment only after the Clerk has entered default.  <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 783 (8th Cir. 1998) (stating that "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)").  Midland has not asked the Clerk to enter default, and the Clerk has not done so.  That must occur before the Court will entertain Midland's request for default judgment.

**CONCLUSION**

Midland must secure the Clerk's entry of default before it may pursue the Court's grant of default judgment.  Accordingly, **IT IS HEREBY ORDERED** that Midland's Motion for Default Judgment (Docket No. 10) is **DENIED** without prejudice.

Dated:  <u>November 5, 2014</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
